IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHRISTINA REYNOLDS, Individually
and on behalf of all others similarly situated                    PLAINTIFF

v.                          No. 4:20-cv-1118-DPM

MOUNTAIN RUN SOLUTIONS, LLC
and JOHN DOES 1–25                                                DEFENDANTS

ORDER

1.    Mountain Run Solutions, LLC is a Utah-based debt collector. In December 2019, it sent a letter to Christina Reynolds to collect a debt:

> **THIS IS A DEMAND FOR PAYMENT ON YOUR ACCOUNT**
>
> This account has been placed in collections. Your payment of $3,309.05 is due immediately. Therefore, if you pay the amount shown above, an adjustment may be necessary after we receive your payment. In order to ensure that your account is properly credited, please write your account number on all payments. Should you have any questions, please call us at (801) 921-7379. We will be happy to discuss your account and assist you in reaching a positive resolution.
>
> If there is some dispute or difficulty involved, please call us. Unless you pay this account, you can appreciate that we may have to take further action. Therefore, we need to hear from you. When you call, PLEASE refer to the account number ▇▇▇▇▇

Doc. 1 at 11. Reynolds claims the letter was false, deceptive, or misleading within the meaning of the Fair Debt Collection Practices Act because it failed to describe the nature and amount of any needed adjustment. She says the Act requires more precision. She served Mountain Run with this lawsuit in October 2020, and Mountain Run hasn't responded. There was good service on Mountain Run's agent. *Doc. 2.* The Clerk has entered a default. *Doc. 5.* If the now undisputed facts in Reynolds's complaint state

a cause of action, the Court may enter judgment in her favor. *Marshall v. Baggett*, 616 F.3d 849, 852–53 (8th Cir. 2010).

2. Having reviewed the complaint and screened the claims brought under 15 U.S.C. §§ 1692e & 1692f, the Court holds that Reynolds stated causes of action. At a minimum, the letter should have described Mountain Run's reasons, if any, for adjusting the amount due. *Compare Kolbasyuk v. Capital Management Services, LP*, 918 F.3d 236, 241–42 (2d Cir. 2019). The resulting murkiness violated the Act.

3. Reynolds is entitled to $1000 in statutory damages, plus $550.00 in costs. 15 U.S.C. §§ 1692k(a)(2)(A) & (a)(3). The attorney's fee requested, however, must be reduced. Counsel's hourly rate is too high for this kind of work in the Eastern District of Arkansas. A reasonable rate is $200 per hour. And fifteen hours is a reasonable amount of time to get the case to this point. The Court therefore awards $3,000 in attorney's fees.

\* \* \*

Reynolds's motion, *Doc. 10*, is granted as modified. The Court will enter Judgment.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 January 2022